UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

RHONDA FLEMING,

    Plaintiff,

v.                                        Case No. 4:22-cv-378-WS-MJF

NURSE HAMILTON,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

Plaintiff Rhonda Fleming, BOP # 20446-009, has filed a complaint pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). Doc. 1. Plaintiff also filed a motion for leave to proceed *in forma pauperis*. Doc. 3. The undersigned recommends that Plaintiff's motion for leave to proceed *in forma pauperis* be denied and this case be dismissed without prejudice under 28 U.S.C. § 1915(g), because Plaintiff has incurred three strikes and therefore is barred under section 1915(g) from proceeding *in forma pauperis*.

### I. BACKGROUND

**A.    Procedural History**

Plaintiff, a federal inmate, commenced this action in the Northern District of California. She currently is confined in California at FCI Dublin. In 2020 and 2021, Plaintiff was confined at FCI Tallahassee. Plaintiff's complaint named only one

Defendant: Nurse Hamilton, a nurse employed at FCI Tallahassee. Plaintiff complains only about Nurse Hamilton's purported misconduct. Accordingly, United States District Judge John S. Tigar transferred this action to the United States District Court for the Northern District of Florida, Tallahassee Division. Doc. 5.

**B.    Factual Allegations from Plaintiff's Complaint**

Plaintiff purportedly suffers from anemia, pre-diabetes, and vitamin B-12 deficiency. While in custody at FCI Tallahassee, medical staff prescribed vitamin B-12 shots to Plaintiff. Doc. 1 at 3 ¶ 1. The crux of Plaintiff's complaint is that Nurse Hamilton "denied prescribed medical treatment and then assaulted" Plaintiff in order to "cover up her error." *Id.* at 4 ¶ 6. Specifically, Plaintiff asserts that Nurse Hamilton failed to provide Plaintiff a vitamin B-12 shot in January 2021, and in order to cover up her mistake, Nurse Hamilton falsified Plaintiff's medical records. Further, on February 11, 2021, Nurse Hamilton allegedly "smashed" a piece of paper into Plaintiff's face and stated, "You had your B-12 shot and do not ask about it again." *Id.* ¶ 4.

Plaintiff also alleges that in February 2021, Nurse Hamilton failed to provide Plaintiff a vitamin B-12 shot. She alleges that as a result of the denial of these B-12 shots, she suffered headaches, fatigue, hair loss, and vision problems. She also could not maintain her balance. She alleges that she suffered anxiety and fear from being

assaulted, and that Nurse Hamilton's failure to provide vitamin B-12 shots could have resulted in a heart attack.

## II. DISCUSSION

Title 28 U.S.C. § 1915(g) prohibits a prisoner from proceeding *in forma pauperis* if the prisoner previously filed three or more actions that were dismissed for frivolity, maliciousness, or failure to state a claim. 28 U.S.C. § 1915(g). The statute provides a narrow exception for instances in which the prisoner-litigant is in imminent danger of serious physical injury. *Id.* The statute provides in relevant part:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

*Id.*

A prisoner who is barred from proceeding *in forma pauperis* must pay the filing fee at the time she initiates her lawsuit, and failure to do so warrants dismissal of her case without prejudice. *See Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002) (holding that "the proper procedure is for the district court to dismiss the complaint without prejudice when it denies the prisoner leave to proceed *in forma pauperis* pursuant to the provisions of § 1915(g)," because the prisoner "must pay the filing fee at the time he initiates the suit"); *Vanderberg v. Donaldson*, 259 F.3d

1321, 1324 (11th Cir. 2001) (stating that after three meritless suits, a prisoner must pay the full filing fee at the time he initiates suit). The only exception is if the prisoner alleges that she is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g); *see also Brown v. Johnson*, 387 F.3d 1344, 1349 (11th Cir. 2004).

Plaintiff is a frequent litigator in federal courts, and she has accumulated at least the following "strikes":

- *Fleming v. United States of America*, No. 7:18-cv-4-O (N.D. Tex. Mar. 31, 2021) (dismissed case with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii));

- *Fleming v. Geo Group Inc.*, No. 4:09-cv-02761 (S.D. Tex. Aug. 28, 2009) (dismissed case with prejudice pursuant to 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i), (ii));

- *Fleming v. Williams*, W-97-CA-415 (W.D. Tex. Jan. 20, 2000) (dismissed case for failure to state a claim upon which relief can be granted);

- *Fleming v. Ratliff*, No. 6:97-405 (W.D. Tex. Apr. 14, 2000) (dismissed case as frivolous);

- *Fleming v. Nance*, No. 00-50079 (5th Cir. Aug. 24, 2000) (dismissed appeal as frivolous);

- *Fleming v. Ratliff*, No. 00-50342 (5th Cir. Oct. 18, 2000) (dismissed appeal as frivolous and prohibited Plaintiff from proceeding IFP in any civil action or

appeal brought in a United States Court unless she is under imminent danger of serious physical injury); and

- *Fleming v. Williams*, No. 00-50078 (5th Cir. Dec. 8, 2000) (dismissed appeal as frivolous and prohibited Plaintiff from proceeding IFP in any civil action or appeal brought in a United States Court unless she is under imminent danger of serious physical injury).[1]

Indeed, other federal courts have recognized that Plaintiff is a "three-striker" and dismissed her complaints under 28 U.S.C. § 1915(g). *Fleming v. Powers*, No. 4:12-cv-452-A (N.D. Tex. Sept. 27, 2012); *Fleming v. Geo Group, Inc.*, No. H-09-2763 (S.D. Tex. Sept. 9, 2009).

Plaintiff, therefore, may not litigate this case *in forma pauperis* unless she demonstrates that she is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g); *Brown,* 387 F.3d at 1349. To fall within that exception, Plaintiff's complaint must include "specific, credible allegations of imminent danger of serious *physical* harm." *Hafed v. Fed. Bureau of Prisons*, 635 F.3d 1172, 1179 (10th Cir. 2011). Here, Plaintiff's allegations—that Nurse Hamilton denied medical treatment

---

[1] The undersigned takes judicial notice of other lawsuits Plaintiff has filed. Under Federal Rule of Evidence 201(b), a court may take "judicial notice of facts that are not subject to reasonable dispute because they are capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." *Bryant v. Avado Brands, Inc.*, 187 F.3d 1271, 1278 (11th Cir. 1999).

and assaulted Plaintiff—fail to make a colorable showing that she was under *imminent* danger of serious *physical* injury at the time she filed the complaint.

First, Plaintiff's allegations show that the assault and denial of medical care occurred *more than eighteen months prior to the commencement of this action*. Plaintiff does not allege an ongoing denial of medical treatment or any denial of treatment after February 2021.[2] Plaintiff has since been transferred to another correctional facility in another state, and it appears that Nurse Hamilton is no longer in charge of administering Plaintiff's vitamin B-12 shots.

Further, Plaintiff tacitly concedes that the Bureau of Prisons is providing treatment for her anemia, vitamin B-12 deficiency, and pre-diabetes. Doc. 1 at 5 ¶ 8. While a plaintiff may satisfy the imminent danger exception if she alleges "a 'total' lack of treatment . . . causing 'severe ongoing complications,'" Plaintiff has not alleged that the Bureau of Prisons completely discontinued her treatment. *O'Connor v. Suwanee Corr. Inst.*, 649 F. App'x 802, 804-05 (11th Cir. 2016) (affirming district court's denial of IFP status when the plaintiff had not experienced a "complete withdrawal of treatment" and instead had been seen by medical personnel multiple times and was informed that he needed surgery); *Simmons v. Clark*, 88 F. App'x 275

---

[2] Plaintiff's complaint is devoid of any allegations that medical staff at FCI Dublin have denied her medical treatment. Furthermore, even if the medical staff at FCI Dublin had denied medical treatment to Plaintiff, the Northern District of Florida would not be a proper venue for such a claim.

(9th Cir. 2004) (unpublished opinion) (affirming district court's conclusion that plaintiff was not in imminent danger of serious physical injury where plaintiff "received frequent medical examinations, diagnostic studies, and physical therapy for his back pain" and merely "disagree[d] with prison doctors about his course of treatment"); *Gaither v. Bryson*, No. CV 121-001, 2021 WL 1015849, at *2 n.3 (S.D. Ga. Jan. 25, 2021) (concluding that a medical claim that does not allege a complete absence of all treatment for the plaintiff's ankle as opposed to a preference for a different type of treatment is insufficient to satisfy the imminent danger requirement), *report and recommendation adopted*, 2021 WL 1015884 (S.D. Ga. Mar. 16, 2021).

Finally, Plaintiff has not alleged that Nurse Hamilton works at FCI Dublin or will have access to Plaintiff. Thus, there is no credible allegation that Plaintiff is at risk of being harmed by Nurse Hamilton in the near future.

## IV. CONCLUSION

Because Plaintiff is barred from proceeding *in forma pauperis*, she failed to pay the filing fee at the time she initiated this lawsuit, and the "imminent danger" exception does not apply, the undersigned respectfully **RECOMMENDS** that the District Court:

1.   **DENY** Plaintiff's motion for leave to proceed *in forma pauperis*. Doc. 3.

2.   **DISMISS** this action, pursuant to 28 U.S.C. 1915(g), without prejudice to Plaintiff initiating a new cause of action accompanied by payment of the $402.00 filing fee in its entirety.

3.   **DIRECT** the clerk of the court to terminate all pending motions and close this case file.

At Pensacola, Florida, this 28th day of October, 2022.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

### NOTICE TO THE PARTIES

**The District Court referred this case to the undersigned to address preliminary matters and to make recommendations regarding dispositive matters.** *See* **N.D. Fla. Loc. R. 72.2(C);** *see also* **28 U.S.C. § 636(b)(1)(B), (C); Fed. R. Civ. P. 72(b). Objections to these proposed findings and recommendations must be filed within fourteen (14) days of the date of the report and recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> An objecting party must serve a copy of its objections upon all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636. The parties also are advised that if they dispute the accuracy of any facts taken from judicially-noticed documents, or if they otherwise wish to be heard on the propriety of the court taking judicial notice of those facts, they must raise this issue in an objection to this report and recommendation.**